**THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| AMY HILL, as Personal Representative of the Estate of David Hill, deceased, and in Amy Hill's capacity as an Individual,<br><br>          Plaintiff,<br><br>   vs.<br><br>ASSURANCEFORENINGEN SKULD (Gjensidig) and SKULD Mutual Protection and Indemnity Association (Bermuda) Ltd.,<br><br>         Defendants. | CIVIL CASE NO. 15-00025<br><br><br>**DECISION AND ORDER RE THE PARTIES' OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** |

      Before the court are Defendants' Objection to Report & Recommendation (ECF No. 77), Plaintiff's Objections to the Report & Recommendation (ECF No. 81), and Plaintiff's Motion to Strike Defendant's Memorandum in Support of its Motion to Dismiss (ECF No. 71). The Magistrate Judge's Report and Recommendation ("Report") recommends that this court deny Defendants' Motion to Dismiss (ECF No. 23), but stay the action pending arbitration of the parties' claims in Norway. R & R at 25, ECF No. 73. After reviewing the parties' submissions, and relevant caselaw and authority, the court hereby **ACCEPTS** in part and **MODIFIES** in part the conclusions within the Report and **DISMISSES** this case under the doctrine of *forum non conveniens* for the reasons stated herein.

1

# I. BACKGROUND

## A. Factual Background.

Defendants Assuranceforeningen Skuld (Gjensidig) ("Skuld I")[1] and Skuld Mutual Protection and Indemnity Association (Bermuda) Ltd. ("Skuld II")[2] are "[a]ssociations of shipowners formed as a [c]lub to reimburse themselves, in accordance with the Skuld [Protection and Indemnity ("P&I's")] Rules of Cover, for certain liabilities that they, as shipowners, have incurred."[3] Jonathan Hare ("Hare") Decl. at ¶ 1, ECF No. 25. Members of Skuld I automatically become members of Skuld II. *Id.* "[M]embership in Skuld is open to shipowners, operators, disponent owners, insurers and charterers of ships." *Id.* at ¶ 3. The Association's purpose is to provide "mutual insurance against liabilities and losses incurred by members in direct connection with the operation of the entered vessels. When the shipowners incur losses or liabilities which are covered by the [r]ules, they may obtain indemnity from the [c]lub after satisfying the liabilities by payment." *Id.*

The F/V MAJESTIC BLUE (the "Vessel") was entered with Skuld for the policy year February 20, 2010, through February 20, 2011. Mona Eivindsen ("Eivindsen") Decl. at ¶ 2, ECF No. 27. "The member was Majestic Blue Fisheries, LLC [("Majestic Blue")], the owner of the [Vessel], which had a principal place of business in Piti, Guam." *Id.* The Vessel was entered with Skuld through a broker in London, Besso Insurance Group Limited ("Besso"). *Id.* at ¶ 3; *see also* Hare Decl. at ¶5, ECF No. 25 Skuld accepted the Vessel "as an entered vessel," Majestic Blue was accepted as a member of Skuld, and Skuld issued a Certificate of Entry.

---

[1] Skuld I is a mutual insurer founded in 1897 organized and existing under the laws of Norway with its principal place of business in Oslo, Norway. Hare Decl. at ¶2, ECF No. 25.

[2] Skuld II is a company organized and existing under the laws of Bermuda with its principal place of business in Oslo, Norway. Hare Decl. at ¶2, ECF No. 25.

[3] Skuld I and Skuld II are collectively referred to as "Skuld."

Eivindsen Decl. at ¶ 3 and Ex. A (Certificate of Entry, Feb. 19, 2010), ECF No. 27.[4]

The Vessel "sank on the high seas," killing Captain David Hill. *See* Compl. at ¶ 10, ECF No. 1.

## B. Procedural History.

### 1. Previous Lawsuits.[5]

Plaintiff Amy Hill ("Hill") filed suit in Florida on October 26, 2010, and Majestic Blue filed a limitation of liability action in this court on December 9, 2010. *Id.* at ¶ 13; *see also In re Majestic Blue*, CV 10-00032, Mot. Dismiss at Ex. A (CV 10-23886-PCH, Compl., Oct., 26, 2010), ECF No. 6-1.

On May 6, 2011, this court transferred CV 10-00032 to the Southern District of Florida. *In re Majestic Blue*, CV 10-00032 (Order Transferring Case), ECF No. 17. The Southern District of Florida transferred the case back to this court, resulting in a Limitation Action (Civil Case No. 11-00032) and Wrongful Death Action (Civil Case No. 11-00034). *See* CV 11-00032 (Agreed Order on Majestic Blue's Motion for Change of Venue, Sept. 6, 2011), ECF No. 29; *see also* CV 11-00034, ECF No. 149. A Clerk's Judgment was entered on July 28, 2014, in the Limitation Action. *See* CV 11-00032 ECF Nos. 213 and 214. Majestic Blue appealed. *See* CV 11-00032 (Notice of Appeal, Aug. 19, 2014), ECF No. 227.

In the Wrongful Death Action, a jury returned a verdict for Hill in the total sum of $3,205,795.00, and the court entered judgment accordingly on April 6, 2015. *See* CV 11-00034 (Judgment), ECF Nos. 558, 559. Following the court's rulings on post-judgment motions, an Amended Judgment was issued on June 30, 2015. *See* CV 11-00034 (Amended Judgment), ECF No. 603. On July 29, 2015, Majestic Blue filed a Notice of Appeal. CV 11-00034 (Notice of

---

[4] A copy of the Certificate of Entry is also attached to the Complaint as Exhibit A. *See* ECF No. 1-1.

[5] The court *sua sponte* takes limited judicial notice of the procedural facts set forth within this section, but not of all facts and filings within CV 10-00032, CV 10-23886-PCH, CV 11-00032, and CV 11-00034.

3

Appeal), ECF No. 605.

## 2. The Current Lawsuit.

On August 6, 2015, Hill filed a Complaint alleging a single "Direct Action" claim against Skuld. Compl. ¶ 36, ECF No. 1.[6] The Complaint asserts that Hill requested payment of the Amended Judgment from Majestic Blue, but that "Majestic Blue has failed and/or refused to pay the [Amended] Judgment and has appealed the rulings of this Court but posted no security with the Court to stay execution." *Id.* at ¶¶ 32-33. Hill also maintains that Skuld has refused to respond and pay the Judgment, and has also failed to provide security to stay execution of the judgment." *Id.* at ¶ 34.

Hill filed a Motion for Entry of Default on October 6, 2015, but withdrew the motion on October 8, 2015. *See* ECF Nos. 16 and 18.[7]

### a. The Underlying Motion to Dismiss.

Skuld moved to dismiss Hill's claims on numerous grounds. First, Skuld argued that Hill's Complaint must be dismissed for failure to serve process under FRCP 12(b)(5). Mem. P. & A.'s in Supp. Mot. Dismiss at 4, ECF No. 24. Second, Skuld challenged this court's personal jurisdiction over Skuld. *Id.* at 10-11. Third, Skuld maintained that Hill's complaint must be dismissed under FRCP 12(b)(6) because Hill cannot state a claim for a "direct action" because no specific facts are pleaded supporting the contention that the policy was issued or delivered on Guam rather than London. *Id.* at 16-17. Fourth, Skuld asserted that the suit should be dismissed under the doctrine of *forum non conveniens*. *Id.* at 18. Finally, Skuld stressed that Guam law

---

[6] The Complaint was filed by Hill's Florida-based counsel without first seeking *pro hac vice* admission as required by this court's applicable rules. This court set a hearing "to address the issue of counsel's apparent failure to comply with this court's General Rule 17.1(d) regarding [*pro hac vice*] admission. *See* Order, ECF No. 3. Hill's Florida counsel subsequently associated with local counsel. *See* Order, ECF Nos. 12-14.

[7] Email correspondence between the parties the day the motion was withdrawn evidences that Skuld "reserve[ed] all rights and defenses." *See* Reply at Ex. 3 (Email correspondence between counsel Mr. Rodney Jacob and Mr. Jon Visosky, Oct. 8, 2015), ECF No. 42-4.

4

and the New York Convention compel Hill to arbitrate her claims against Skuld in Oslo, Norway because Skuld's rules pertaining to direct actions contain an arbitration and forum selection clause. *Id.* at 21.[8]

In Opposition, Hill argued service of process on the Director of Revenue and Taxation and Attorney Elyze Iriarte ("Iriarte") was appropriate. Opp'n at 4, 7, ECF No. 39.[9] Next, Hill maintained that this court has personal jurisdiction over Skuld because the three prong personal jurisdiction test is satisfied. *Id.* at 9-18. Hill also stressed that she pleaded all necessary elements for a "direct action" claim under Guam law, and set forth "sufficient allegations to survive Skuld's generalized arguments." *Id.* at 19.

As to Skuld's *forum non conveniens* argument, Hill asserted that Guam is an adequate forum, that Skuld failed to show that Norway is an adequate forum, and that the public and private interest factors weigh against dismissal. *Id.* at 21-28. Finally, Hill disputed Skuld's assertion that her claims are subject to arbitration because Skuld's arbitration clause improperly seeks to create a prospective waiver of a decedent seaman's rights under the policy. In particular, she argues that the arbitration clause improperly seeks to eradicate statutory protections under the Jones Act, Death on the High Seas Act, and under Guam's direct action statute. *Id.* at 28-35. Hill also asserted that Skuld waived their right to arbitrate when the default motion was withdrawn because Skuld failed to reserve rights to move to compel arbitration during the parties' negotiations to withdraw the Motion for Entry of Default. *Id.* at 29.

Skuld filed their reply on December 15, 2015. Reply at 2-7, ECF No. 41. They reiterated their argument that they are not subject to personal jurisdiction in Guam because they never purposefully availed themselves of Guam law, and it would be unreasonable to exercise

---

[8] Both the United States and Norway are signatories to the New York Convention. 21 U.S.T. 2517, 330 U.N.T.S. 3 (1970).

[9] Iriarte's firm was listed as a "correspondent" for Skuld. *See* Iriarte Decl. ¶ 2, ECF No. 29.

5

jurisdiction over Skuld. *Id.* at 7. Unlike many insurance providers, Skuld provided an "indemnity" or "pay to be paid" policy rather than an ordinary "liability policy" found in cases relied upon by Hill. *Id.* at 8-9. Additionally, with respect to the *forum non conveniens* argument, Skuld urged that Hill failed to address the factor relating to futility because any judgment by this court would be unenforceable in Norway. *Id.* at 11 (citation omitted). Finally, Skuld argued that the authority Hill relied upon to support a public policy defense to the arbitration clause under the New York Convention was overruled. *Id.* at 13. Skuld further argued that any arguments relating to the Jones Act are misplaced because this is not a Jones Act case, and that Skuld never waived their right to arbitrate merely by negotiating to lift the default in exchange for the right to file a responsive motion or pleading. *Id.* at 15 (citation omitted).

### b. The Motion to Strike.

On March 16, 2016, a month-and-a-half after the Magistrate Judge conducted the January 28, 2016 hearing on the Motion to Dismiss, Hill filed a Motion to Strike Skuld's Motion to Dismiss claiming new evidence was uncovered. Mot. Strike, ECF No. 71. The Motion was premised on the argument that Skuld should be judicially estopped from denying coverage because they chose to renew a policy in February of 2016, for Pacific Breeze Fisheries, LLC, despite arguing that coverage to Pacific Breeze Fisheries, LLC and Majestic Blue Fisheries, LLC were subject to a denial of coverage because those entities engaged in false claims for fishing licenses. *Id.* at 5. Hill further asserted that Skuld's Letters of Undertaking admitted to coverage, and its Reservation of Rights letter waived any rights to reserve defenses to coverage. *Id.* at 6-7.

Skuld first argued that the motion was frivolous because only pleadings, not motions, are subject to motions to strike. Opp'n Mot. Strike, at 1, ECF No. 75 (citing *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Second, Skuld asserted that they never concealed the fact that they continued to insure Pacific Breeze, LLC. *Id.* at 1-2. Third, Skuld contended

6

that continued coverage of the Pacific Breeze, LLC is irrelevant because it does not show that Skuld engaged in "continuous and systematic activity" in Guam for specific jurisdiction purposes. *Id.* (citations omitted). No Reply was filed.

### c. The Report and Recommendation.

On April 4, 2016, the Magistrate Judge issued his Recommendation regarding Skuld's motion to dismiss (ECF 73). The Report recommends as follows:

> (1) that the Chief Judge find that service of process was improper, but in lieu of dismissal, the proper remedy would be to quash said service and order Plaintiff to properly serve Defendants within a reasonable time period;

> (2) that the Chief Judge deny the motion to dismiss for lack of personal jurisdiction;

> (3) with regard to the direct action claim, that the Chief Judge stay these proceedings until the appeals pending in the Ninth Circuit in CV 11-00032 and CV 11-00034 are resolved;

> (4) that the Chief Judge deny the motion to dismiss based on *forum non conveniens*; and

> (5) that the Chief Judge stay this proceeding and compel the Plaintiff to arbitrate her claim in Norway, but only after (a) proper service has been made on the Defendants and (b) the pending appeals are resolved.

R. & R. at 25, ECF No. 73.

### d. The Parties' Objections to the Report and Recommendation.

#### i. Skuld's Objections.

Skuld objects to the Report's recommendations, arguing that: (1) the Magistrate Judge improperly applied the specific personal jurisdiction test; (2) the Magistrate Judge should have recommended dismissal under FRCP 12(b)(6), because he acknowledged that Hill failed to allege that Majestic Blue, LLC was insolvent but concluded that whether Majestic Blue, LLC's insurance policy was "delivered" on Guam is a factual dispute for trial; and (3) the Magistrate Judge's *forum non conveniens* analysis misapplied certain public interest facts and gave undue deference to Hill's choice of forum. Skuld Obj. R. & R. at 4-10, ECF No. 77.

7

In response to Skuld's Objection, Hill asserts that the Report correctly concluded that Skuld was subject to specific personal jurisdiction in Guam because it successfully solicited Majestic Blue, LLC, for its Protection & Indemnity coverage. Hill's Response to Skuld's Obj. at 5, ECF No. 95. Second, Hill maintains that Skuld provided an indemnification policy rather than a liability policy. *Id.* at 8-12. Hill also contends that she sufficiently pleaded the essential elements of her direct action claim because she need only plead the existence of an insurance policy, while issues related to the location of issuance or delivery are questions for a finder of fact. *Id.* at 15. Finally, Hill urges that Skuld's request for dismissal based on *forum non conveniens* should be denied, because "Guam [was] apparently not terribly inconvenient to Skuld" when they insured Guam-based businesses and participated in the litigation in the underlying case against Majestic Blue, LLC. *Id.* at 12. She further highlights that the standard for *forum non conveniens* is a rigorous standard to meet, and conclusively avers that the Magistrate Judge appropriately balanced the public and private interests in her favor. *Id.* at 3, 12-14.

### ii.    Hill's Objections.

Hill's primary objection is directed at the Report's conclusion that Skuld "did not waive their right to compel arbitration," and that Hill "failed to meet her burden of proving [Skuld] took any act inconsistent with their right to compel arbitration." *See* R. & R. at 24, ECF No. 73; *see also* Hill's Obj. R. & R. at 2, ECF No. 81. She raises novel arguments, not raised before the Magistrate Judge, that Skuld's conduct in Civil Actions 10-00032 and 11-00032 waived their right to arbitrate, and that "the McCarran-Ferguson Act bars this Court from compelling arbitration" because it "reverse preempts the [Federal Arbitration Act]." *Id.* at 15.

In response, Skuld contends Hill's Objections are untimely. Skuld Response to Hill Obj. to R. & R. at 3-4, ECF No. 82. Skuld next argues that Hill's Objections to the Recommendation

8

"concerning arbitration should also be rejected because her arguments are entirely new and based on facts that are not in evidence." Skuld Response to Hill Obj. to R. & R. at 5, ECF No. 82 (citing *Borden v. Sec. of Health and Human Svcs.*, 836 F.2d 4, 6 (1st Cir. 1987)). As to the merits, Skuld maintains there was no waiver because Skuld's coverage obligations for Hill's judgment against Majestic Blue only arise after Majestic Blue pays the judgment and seeks reimbursement, or Majestic Blue is insolvent. Skuld's Response to Hill's Obj. R. & R. at 2, ECF No. 81. Neither event has occurred. *See id.* Skuld also maintains Hill's McCarran-Ferguson Act argument is irrelevant because "Guam law does not prohibit arbitration clauses in insurance agreements." *Id.*

Hill filed a Reply to Skuld's Response to its Objections without leave of this court, responding to Skuld's arguments and asserting that this court "must" consider new arguments. *See* Hill's Reply to Skuld's Response to Hill's Obj. to R. & R. at 4, ECF No. 88. Skuld filed an objection to Hill's Reply, noting that FRCP 72(b) does not set forth any language regarding replies. *See* Obj. to Hill's Reply to Skuld's Response to Hill's Obj. to R. & R. at 1, ECF No. 90 (citing FRCP 72(b) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy.").

## II. LEGAL STANDARDS

In reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). "[T]he court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

## III. DISCUSSION

9

**A. Skuld's Objection to the Report and Recommendation.**

    **1. Dismissal Under the Doctrine of *Forum non Conveniens.***

"A district court has discretion to decline to exercise jurisdiction in a case where litigation in a foreign forum would be more convenient for the parties." *Lueck v. Sundstrand Corp.*, 236 F.3d 1137, 1142 (9th Cir. 2001) (citing *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 504 (1947). "A party moving to dismiss based on *forum non conveniens* bears the burden of showing (1) that there is an adequate alternative forum, and (2) that the balance of private and public interest factors favors dismissal." *Dole Food Co. v. Watts*, 303 F.3d 1104, 1118 (9th Cir. 2002).

The Certificate of Entry issued by Skuld to Majestic Blue states that "insurance provided by the Association for the vessel is governed by the Association's Statutes and Rules except to the extent that they are modified by the special terms set out below." Mona Eivindsen Decl. at Ex. A, ECF No. 27. Skuld's Statutes and Rules state that "any dispute between the Association and any member, co-assured, affiliate, former member, or any party making a claim on the Association, shall be determined by Arbitration in Oslo." Compl. at Ex. B (Statutes and Rules at 47.1), ECF No. 1-2. Furthermore, "[t]he Rules and any arbitration proceedings shall be governed by Norwegian Law." *Id.* at 47.3.[10]

The Magistrate Judge concluded that Skuld met "their burden of showing that Norway is an adequate alternative forum," but upon weighing the public and private interest factors determined that "[b]ecause it is a close call, the court can not disturb [Hill's] forum choice." R. & R. at 19-23, ECF No. 73.

Skuld asserts that the Magistrate Judge afforded undue deference to Hill's choice of forum, misapplied the *forum non conveniens* factors, and premised his analyses of those factors

---

[10] At the hearing, Hill raised a "contract of adhesion" argument regarding Skuld's Statutes and Rules for the first time. The court finds that this argument was untimely, does not comply with FRCP 72, and therefore did not consider it in its decision.

on "attenuated" and "unsupported" determinations of fact. Skuld's Obj. to R. & R. at 10-11, ECF No. 77.

In response, Hill maintains "Guam is not terribly inconvenient to Skuld" because it insures Guam-based vessels and "participated" in the underlying litigation through filing two Letters of Undertaking. Hill's Response to Skuld's Obj. to R. & R. at 12-13, ECF No. 95. In Hill's view, Skuld has not met the high bar of establishing *forum non conveniens*, and she summarily concludes that the Magistrate Judge appropriately evaluated the public and private interest factors without providing any analysis. *See id.* at 13-14.

### a. Adequate Alternative Forum.

The first inquiry in a *forum non conveniens* analysis is whether there is an adequate alternative forum. *Dole Food Co.*, 303 F.3d at 1118. An alternative forum is deemed adequate if: (1) the defendant is amenable to process there; and (2) the other jurisdiction offers a satisfactory remedy. *See Piper Aircraft v. Reyno*, 454 U.S. 235, 254 n.22 (1981) (noting that an unsatisfactory remedy might include a forum where it is unclear that a tribunal would hear the asserted claims). The Report concluded that Skuld "met their burden of showing that Norway is an adequate alternative forum" because Skuld is "subject to service of process in Norway and Norway also permits direct actions against insurers." *See* R. & R. at 20, ECF No. 73 (citing Gjelsten Decl.[11] at ¶¶ 12-13, ECF No. 26).

The Defendant does not object to this determination, and Hill fails to properly object to this issue.[12] Hence, this court adopts the Report's conclusion that Norway is an adequate

---

[11] Gaute Gjelsten is an attorney licensed to practice law in Norway since 1998 and specializes in international shipping and offshore law, including practicing maritime law in Norway. Gjelsten Decl. at ¶ 1, ECF No. 26.

[12] Plaintiff merely "refer[ed] the Court to its briefing on the issue Defendants have not proved that Norway and Norwegian law provides Mrs. Hill with the remedies she is entitled to as a result, including but not limited to punitive damages." Hill's Obj. to R. & R. at 18, ECF No. 81. A party may not simply refer back to its previous briefing on an issue; an objecting party must state specific reasons the magistrate judge's recommendation is

11

alternative forum.

### b. Public and Private Interest Factors.

The next inquiry in a *forum non conveniens* analysis looks to various "private interest" and "public interest" factors. *Dole Food Co.*, 303 F.3d at 1118. Generally, "[t]he plaintiff's choice of forum will not be disturbed unless the 'private interest' and 'public interest' factors strongly favor trial in the foreign country." *Id.* (quoting *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1334 (9th Cir. 1984)).

The Magistrate Judge analyzed the private interest factors set forth in *Gulf Oil Corp. v. Gilbert*, including:

> [T]he relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforcibility [sic] of a judgment if one is obtained.

330 U.S. 501, 508 (1947) (*superseded by statute as stated in Am. Dredging Co. v. Miller*, 510 U.S. 443, 450 (1994) (holding that the doctrine of *forum non conveniens* has application beyond the admiralty context)); *see also Dole Food Co.*, 303 F.3d at 1119 ("Private interests of the litigants include ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses, and cost of obtaining attendance of willing witnesses; and likelihood of a fair trial."); R. & R. at 20-22, ECF No. 73.

The Report also assesses public interest factors, such as: (1) "the administrative difficulties flowing from court congestion;" (2) "the 'local interest in having localized controversies decided at home[];" (3) "the interest in having the trial of a diversity case in a

---

incorrect. *See United States v. Rudisill*, 2006 WL 3147663, at *1 (D. Ariz. Nov. 1, 2006); *see also Edwards v. Niagara Credit Sols., Inc.*, 586 F. Supp. 2d 1346, 1349, 1351 (N.D. Ga. 2008) (holding that objections that simply incorporate facts and arguments from a prior brief by reference do not constitute a "'specific written objection[ ] to the proposed findings and recommendation' as required by Federal Rule of Civil Procedure 72(b)(2)"), *aff'd on other grounds*, 584 F.3d 1350 (11th Cir. 2009).

forum that is at home with the law that must govern the action;" (4) "the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and" (5) "the unfairness of burdening citizens in an unrelated forum with jury duty." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981) (citing *Gulf Oil Corp.*, 330 U.S. at 508; *see also* R. & R. at 22-23, ECF No. 73.

Notwithstanding these factors, "[t]he calculus changes" for a *forum non conveniens* motion "when the parties' contract contains a valid forum-selection clause, [representing] 'the parties' agreement as to the most proper forum.'" *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 581 (2013) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988)). The Supreme Court noted that enforcement of a valid-forum-selection clause is appropriate because it was "bargained for by the parties, [and] protects their legitimate expectations and furthers vital interests of the justice system." *See id.* (citing *Stewart Org.*, 487 U.S. at 33 (1988) (Kennedy, J., concurring)). With that consideration in mind, "'a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases.'" *Id.*

As a preliminary matter, the court notes that Hill is a nonsignatory to the underlying insurance policy. This issue, however, is overcome by the doctrine of equitable estoppel. "Equitable estoppel 'precludes a party from claiming the benefits of a contract while simultaneously attempting to avoid the burdens that contract imposes.'" *Comer v. Micor, Inc.*, 436 F.3d 1098, 1101 (9th Cir. 2006) (quoting *Wash. Mut. Fin. Group, LLC v. Bailey*, 364 F.3d 260, 267 (5th Cir. 2004)).[13] The Ninth Circuit has held nonsignatories bound "to arbitration clauses where the nonsignatory 'knowingly exploits the agreement containing the arbitration clause despite having never signed the agreement.'" *Id.* (quoting *E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates*, 269 F.3d 187, 199 (3d Cir. 2001)); *see also*

---

[13] The Report concluded equitable estoppel binds Hill to the arbitration clauses. *Se* R. & R. at 24, ECF No. 73.

*Turner v. Thorworks Indus., Inc.*, No. CIVS05-02653WBS KJM, 2006 WL 829142, at *3 (E.D. Cal. Mar. 28, 2006) (determining that a nonsignatory plaintiff was bound to a forum selection clause because their complaint necessarily relied on the franchise agreement at issue and the relationships created within that agreement.).

Here, Hill claims she is a beneficiary of Majestic Blue's insurance policy with Skuld, and that her claim is based on Skuld's Statutes and Rules. Compl. at ¶¶ 37-40, 45. Hill argues that she "now stands in Majestic Blue's shoes." Hill's Response to Skuld's Obj. to R. & R. at 2, ECF No. 95; *see also* Hill's Obj. to R. & R. at 3, ECF No. 81. Therefore, Hill is held to the arbitration clause of the insurance policy despite being a nonsignatory because she is attempting to enforce the Statutes and Rules against the signatory Defendants. R. & R. at 24, ECF No. 73.

Consequently, the forum selection clause within Skuld's Statutes and Rules adjusts the typical *forum non conviens* analysis in three ways.[14] *See Atl. Marine Const. Co.*, 134 S. Ct. at 581. "First, the plaintiff's choice of forum merits no weight, and the plaintiff, as the party defying the forum-selection clause, has the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* The reason for this divergence from the usual analysis is because "the plaintiff has effectively exercised its 'venue privilege' before a dispute arises." *Id.* A "plaintiff must bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed." *Id.* at 582. Second, parties' arguments regarding private interests should not be considered. *See id.*[15] Third, a transfer of venue will not carry the

---

[14] Although *Atl. Marine Const. Co.* involved a 28 U.S.C. § 1404 motion for change of venue, the court signaled that a *forum non conveniens* motion would be treated similarly. *See id.* ("[T]he same standards should apply to motions to dismiss for *forum non conveniens* in cases involving valid forum-selection clauses pointing to state or foreign forums."). 134 S. Ct. at 582.

[15] The policy reasons for this detour from a traditional analysis is because:

> When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor

original venue's choice-of-law rules when a plaintiff disregards a binding forum-selection clause, which may impact public-interest considerations such as the "court's familiarity with the law that must govern the action." *See id.* This third consideration means that an arbitration proceeding in Norway is not required to follow the laws of Guam. *See id.*

Accordingly, Skuld's first objection to the Report's *forum non conveniens* assessment is correct because Hill's choice of forum should not be afforded undue deference in this case. *See* Skuld's Obj. to R. & R. at 10, ECF No. 77 (citing *Atl. Marine Const. Co.*, 134 S. Ct. at 582).[16]

### iii. Private Interest Factors.

The parties do not object to the Report's assessment determining that the private interests weigh in Skuld's favor. *See* R. & R. at 23, ECF No. 73. Even though these interests need not be considered under *Atl. Marine Const. Co.* due to the forum and arbitration clauses present in this case favoring Skuld, the *Gulf Oil* private interest factor relating to judgment enforceability warrants further discussion.

"Although a United Nations convention [The New York Convention] has successfully regulated enforcement of arbitral contracts and agreements since 1958, the United States, unlike many European countries, is not yet a party to any treaty regarding the enforcement of judgments." *Private International Law - Civil Procedure - Hague Conference Approves Uniform Rules of Enforcement for International Forum Selection Clauses. - Convention on*

---

of the preselected forum.

*Atl. Marine Const. Co.*, 134 S. Ct. at 582.

[16] The Ninth Circuit has observed that even though the language of certain authority may suggest that a domestic plaintiff's choice of forum is entitled some deference, "[a] citizen's forum choice should not be given dispositive weight. . . . [I]f the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court, dismissal is proper." *Contact Lumber Co. v. P.T. Moges Shipping Co.*, 918 F.2d 1446, 1449 (9th Cir. 1990) (alterations in original) (quoting *Piper Aircraft*, 454 U.S. at 256 n.23). The court observed that"[t]he presence of American plaintiffs, however, is not in and of itself sufficient to bar a district court from dismissing a case on the ground of *forum non conveniens*." *Id.* (quoting *Cheng v. Boeing Co.*, 708 F.2d 1406, 1411 (9th Cir. 1983)). Thus, even though Hill is a U.S. citizen, her forum choice is not dispositive, even under a traditional *forum non conveniens* analysis.

15

*Choice of Court Agreements, Concluded June 30, 2005*, 119 Harv. L. Rev. 931, 932 (2006) (footnotes omitted). The United States courts frequently enforce foreign judgments, but "U.S. judgments are not accorded the same respect abroad." *Id.* at 932 n.9 (citing Kevin M. Clermont, Jurisdictional Salvation and the Hague Treaty, 85 Cornell L. Rev. 89, 89 (1999) (citations omitted)).

Foreign judgments cannot be enforced in Norway unless (1) there is a treaty providing that the judgments at issue can be enforced in Norway, (2) the parties agreed to an alternate venue outside of Norway, or (3) the plaintiff obtains a "Norwegian judgment to enforce the provisions and terms of the foreign judgment in Norway." *See* INTCP NORWAY 10.

The first situation does not apply in this case because the United States is not a signatory to the Lugano Convention. *See* 10.2. Convention on Jurisdiction and the Enforcement of Judgments in Civil and Commercial Matters (signed at Lugano on 16 September 1998), INTCP FEDERAL REPUBLIC OF GERMANY 10.2. This treaty permits Norway to recognize and enforce the decisions of foreign courts who are also signatories to the convention. *See id.* Likewise, the second situation is inapplicable because there is no agreement between Skuld and Hill or Majestic Blue to an alternate venue outside of Norway.

Therefore, to enforce a judgment against Skuld by this court, Hill would need to obtain a "Norwegian judgment to enforce the provisions and terms of the foreign judgment in Norway." *See* INTCP NORWAY 10. A "foreign judgment normally is recognized by Norwegian courts, with the effect that Norwegian courts make their decisions based on the first judgment, without any new examination of the facts of the case." *Id.* Yet it could be problematic for an action filed in Norway if a judgment rendered by this court disregards the New York Convention, and ignores the arbitration and forum selection clause within Skuld's Statutes and Rules.

Thus, arbitrating in Norway is likely the most efficient and effective course of action for

16

the parties. Although it is not required to consider private interest factors under *Atl. Marine Const. Co.* due to the arbitration and forum selection clauses within Skuld Statutes and Rules 47.1, this court adopts the Magistrate's conclusion that private factors weigh in favor of Skuld. *See* R. & R. at 23, ECF No. 73.

### iv. Public Interest Factors.

Skuld also objects to the Magistrate Judge's application of certain *Gulf Oil* "public interest factors." *See* Skuld's Obj. to R. & R. at 10, ECF No. 77. In particular, Skuld argues that Guam's interest does not "trump[] both the private interest factors (which 'favors a Norway forum') and Norway's substantially greater public interest." *Id.* (quoting R. & R. at 23, ECF No. 73). They assert that private interest factors generally have priority over public interest factors. *Id.* at 11 (citing *Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206, 214 (5th Cir. 2010) ("a court is required to examine the public interest factors only if it cannot determine whether the private interest factors weigh in favor of dismissal" (citation omitted)); *but see Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1311 (11th Cir. 2001) (quoting *Satz v. McDonnell Douglas Corp.*, 244 F.3d 1279, 1283–84 (11th Cir.2001) ("even though the private factors are 'generally considered more important' than the public factors, the better rule is to consider both factors in all cases, 17 *Moore's Federal Practice* § 111.74[3][b] at 111–221 (3d ed. 2000), and this has been our approach in recent cases."). Although this court need not consider private interest factors in light of the forum and arbitration clauses, the court agrees with Skuld and finds that the public interest factors should not have been given undue weight.

As for the first public interest factor, Skuld urges that the Report inappropriately concluded that Guam's interest in this case outweighed Norway's interests. Skuld's Obj. to R. & R. at 11, ECF No. 73. That factor relates to "the administrative difficulties flowing from court congestion." *Piper Aircraft Co.*, 454 U.S. at 241 n.6. The court finds this factor to be neutral as

there is no evidence that Guam or Norway has more congestion than the other.[17]

As for the second factor, Skuld stresses that the Report erroneously analyzed "the 'local interest in having localized controversies decided at home." Skuld's Obj. to R. & R. at 11, ECF No. 77; *see Piper Aircraft Co.*, 454 U.S. at 241 n.6. The Report concluded that "the District Court of Guam has an interest in ensuring the collectability of its judgments" and "enforcing contracts entered into by resident corporations." R. & R. at 22, ECF No. 73.

Skuld highlights that Hill's action against Skuld is essentially a breach of contract claim through a direct action statute. Skuld's Obj. to R. & R. at 11, ECF No. 77; *see also* R. & R. at 13, ECF No. 73 (noting in the personal jurisdiction section of the Report that "but for Defendant's breach of the indemnity insurance policy by refusing to pay the judgment in CV11-00034, this suit would not have arisen"). This is not an action to enforce a judgment against Skuld because Hill has no current Guam judgment against Skuld. *Id.* Hill bypassed judicially enforcing a judgment against Majestic Blue, and filed directly against Skuld. Although Majestic Blue is a Guam corporation, Hill is a Florida plaintiff, and Skuld is a Norwegian insurance company. Guam has little interest in this *breach of contract* action, particularly where the Guam company negotiated a clause to arbitrate the dispute in Norway. *See* Compl. at Ex. B (Statutes and Rules at 47.1), ECF No. 1-2. Thus, this factor weighs in favor of Skuld.

The third and fourth factors, including "the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action" and "the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law" likewise weighs in favor of Skuld because the choice of law clause in this case specifies the laws of Norway. *See Piper Aircraft Co.*, 454 U.S. at 241 n.6; *see also* Compl. at Ex. B (Statutes and Rules at 47.3),

---

[17] Determining that a given factor is neutral does not preclude dismissal. *See Creative Tech., Ltd. v. Aztech Sys. Pte., Ltd.*, 61 F.3d 696, 704 (9th Cir. 1995) (dismissing case based on *forum non conveniens* despite determining some factors were neutral.).

18

ECF No. 1-2.

The final factor, relating to "the unfairness of burdening citizens in an unrelated forum with jury duty" weighs in favor of Skuld for the same reasons as the second factor. *See Piper Aircraft Co.*, 454 U.S. 235, 241 n.6. Although Hill has a judgment against Majestic Blue, Skuld convincingly asserts that "local jurors have no interest in a dispute among foreign parties to an insurance contract dispute that is governed by Norwegian law and enforceable through arbitration in Norway." *See* Skuld's Obj. to R. & R. at 11, ECF No. 77. Furthermore, as stated above, any judgment entered by this court may not be honored by a Norway court. Therefore, this final factor weighs in favor of Skuld.

The public interest factors collectively weigh in favor of dismissal. Moreover, Hill has not met her "burden" of showing that "transfer to the forum for which the parties bargained is unwarranted" as required by *Atl. Marine Const. Co.*, 134 S. Ct. at 581. Finally, arbitrating in Norway is likely the most efficient and effective course of action for the parties. Therefore, this action is dismissed under the doctrine of *forum non conveniens*, and the parties should arbitrate their dispute in Norway.

### c. The *Forum Non Conveniens* Determination Moots Skuld's Additional Arguments and All of Hill's Arguments Unrelated to Arbitration.

A jurisdiction question must ordinarily precede merits determinations in dispositive orders, but "there is no mandatory sequencing of jurisdictional issues." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431–32 (2007) (quoting *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 584 (1999); *see also Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 93–102 (1998). This "court has leeway to choose among threshold grounds for denying audience to a case on the merits." *Id.* Dismissing a case based on "*forum non conveniens* dismissal 'den[ies] audience to a case on the merits'" because "it is a determination that the merits should be adjudicated elsewhere." *Id.* (quoting *Ruhrgas*, 526 U.S., at 585) (citations

19

omitted). Thus, "[a] district court . . . may dispose of an action by a *forum non conveniens* dismissal, bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant." *Id.*

Therefore, this court **MODIFIES** the Report's recommendation to deny the motion to dismiss based on *forum non conveniens* and decline to reach the parties' additional personal jurisdiction and merits arguments due to "considerations of convenience, fairness, and judicial economy." *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431–32 (2007). Although Hill is eager to recover her judgment against Majestic Blue, the most economical and swift course of action is arbitration in Norway as required by the policy she seeks to enforce. Skuld's additional arguments are moot.

**B. Hill's Motion to Strike.**

Turning to Hill's Motion to Strike, only pleadings, not motions, are subject motions to strike under FRCP 12(f). *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Consequently, Hill's Motion to Strike Skuld's Motion to Dismiss is **DENIED**.[18]

**C. Hill's Objection to the Report and Recommendation.**

Hill's primary objection is directed at the Magistrate Judge's recommendation to compel arbitration. *See* Hill's Obj. R. & R. at 2, ECF No. 81. She raises a new "waiver" theory, and asserts that the McCarran-Ferguson Act "reverse preempts the [Federal Arbitration Act]." *Id.* at 2, 18. In response, Skuld contends Hill's Objections are untimely and based on new facts not in evidence. Skuld Response to Hill Obj. to R. & R. at 3-5, ECF No. 82 (citing *Borden.*, 836 F.2d at 6).[19] The argument raised in Opposition to Skuld's Motion to Dismiss asserted that Skuld

---

[18] The arguments raised in the Motion to Strike do not impact this court's *forum non conveniens* analysis, nor were they reiterated in Hill's Objection.

[19] Hill's Objections were timely because this court issued a standing order that the extension within FRCP 6 is afforded to parties consenting to electronic service. *See* District Court of Guam General Order 13-0003 at 16, Apr. 17, 2013 (referring to former FRCP 6(e), but noting that "the three additional days allowed for responding to

waived its right to arbitrate when it negotiated to avoid a default rather than its new argument that Skuld's "Letters of Undertaking" or lack of a "reservation of rights letter" resulted in a waiver of arbitration. *See* Skuld's Response to Hill's Obj. to R. & R. at 7, ECF No. 82; *see also* Hill's Opp'n at 33-34, ECF No. 39 ("Skuld has waived any possibility of compelling arbitration when it failed to reserve the right to file a motion to compel arbitration after it went into default and then negotiated a deal to lift the default.").[20]

### 1. Enforceability of the Arbitration Agreement.

Courts generally analyze four factors to determine whether to enforce an arbitration agreement under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"). *Balen v. Holland Am. Line Inc.*, 583 F.3d 647, 654 (9th Cir. 2009) (citations omitted).[21] The Magistrate Judge concluded that these requirements are met in this case and also noted the "liberal federal policy favoring arbitration agreements." R. & R. at 23-24, ECF No. 73[22] (citing *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011)).

---

service by mail shall also apply to electronic service."). Hill's filings were within this three-day extension period.

[20] As to the merits, Skuld maintains there was no waiver because Skuld's coverage obligations for Hill's judgment against Majestic Blue only arise after Majestic Blue pays the judgment and seeks reimbursement, or Majestic Blue is insolvent. Skuld's Response to Hill's Obj. R. & R. at 2, ECF No. 82. Neither event has occurred. *See id.* Skuld also maintains Hill's McCarran-Ferguson Act argument is irrelevant because "Guam law does not prohibit arbitration clauses in insurance agreements." *Id.*

[21] These factors require:

[T]hat (1) there is an agreement in writing within the meaning of the Convention; (2) the agreement provides for arbitration in the territory of a signatory of the Convention; (3) the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial; and (4) a party to the agreement is not an American citizen, or that the commercial relationship has some reasonable relation with one or more foreign states.

*Balen v. Holland Am. Line Inc.*, 583 F.3d 647, 654–55 (9th Cir. 2009) (quoting *Bautista v. Star Cruises*, 396 F.3d 1289, 1294–95 (11th Cir. 2005)).

[22] The Report applied the factors to this case as follows:

As noted by Defendants, these four requirements are met in this case. First, there is an agreement in writing within the meaning of the Convention. This written agreement is set forth in Skuld's Statutes and Rules as appended as Exhibit B to the Plaintiff's Complaint. Second, the agreement

21

The Report further concluded that the doctrine of equitable estoppel binds Hill to the arbitration clause even though she is a nonsignatory. *Id.* at 24 (citing *Comer*, 436 F.3d at 1101 (quoting *Wash. Mut. Fin. Group, LLC v. Bailey,* 364 F.3d 260, 267 (5th Cir. 2004) (nonsignatories are bound "to arbitration clauses where the nonsignatory 'knowingly exploits the agreement containing the arbitration clause despite having never signed the agreement.'" (quoting *See E.I. DuPont de Nemours & Co.*, 269 F.3d at 199)).

Hill offers no objection to the Report's equitable estoppel conclusion, or the Magistrate's Judge's conclusion that the requirements of *Balen v. Holland* are met in this case. Hence, the court **ADOPTS** this recommendation by the Magistrate Judge, and declines to hear Hill's newly raised arguments for the reasons stated below.

### 2. Hill's Newly Raised Arguments and Evidence.

Skuld argues that Hill's Objections to the Recommendation "concerning arbitration should . . . be rejected because her arguments are entirely new and based on facts that are not in evidence." Skuld's Response to Hill Obj. to R. & R. at 5, ECF No. 82 (citing *Borden*, 836 F.2d at 6). In Hill's Reply, filed without leave of this court, she asserts that "[a] district court must review any argument raised by a party seeking review of a magistrate judge's recommendation, regardless of whether the party made that argument before the magistrate judge." Hill's Reply to Skuld's Response to Hill's Obj. to R. & R. at 4, ECF No. 88 (citing *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992) ("We believe that as part of its obligation to determine *de novo* any issue to which proper objection is made, a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." (footnote

provides for arbitration in Norway. *See* Rule 47.1 ("Unless otherwise agreed, any dispute between the Association and . . . any party making a claim on the Association, shall be determined by Arbitration in Oslo."), Statutes and Rules, Ex. B to Compl. ECF No. 1-2. Third, this agreement arises out of an insurance contract which is a commercial legal relationship. Finally, Assuranceforeningen Skuld is not an American citizen.

R. & R. at 23-24, ECF No. 73.

22

omitted)).

The Ninth Circuit, however, *expressly* declined to adopt the Fourth Circuit's approach to this issue. *See United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000). Instead, the Ninth Circuit held that "a district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation." *Id.* The court reasoned that requiring the district court to consider evidence not previously "presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Id.* at 622.

A district court likewise has discretion to bar "arguments raised for the first time on objections to a magistrate's findings and recommendations absent exceptional circumstances." *Friends of the Wild Swan v. Weber*, 955 F. Supp. 2d 1191, 1194 (D. Mont. 2013), *aff'd*, 767 F.3d 936 (9th Cir. 2014) (citing *Greenhow v. Secretary of Health & Human Services*, 863 F.2d 633, 638–39 (9th Cir. 1988) (*overruled on other grounds*, specifically with respect to the appropriate mechanism for conflict resolution between panel decisions in en banc decisions)). "[O]bjections to findings and recommendations are not intended to serve as a party's 'second bite at the apple.'" *Lintz v. Potter*, No. 2:09-CV-01907 GEB, 2012 WL 9034131, at *1 (E.D. Cal. Sept. 13, 2012).[23] The Ninth Circuit observed that "allowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the

---

[23] The Eastern District of California noted that considering new evidence could encourage gamesmanship and presentation of a partial record to the Magistrate Judge:

> If this court were to consider new evidence on objection to the Magistrate Judge's Findings and Recommendations, there would be nothing to prevent the parties from presenting a partial record to the Magistrate Judge, wait to see if the recommended decision is against them, and then present whatever evidence they need to overcome the defects pointed out by the Findings and Recommendations. If that were to be the procedure followed, this court would be better off hearing the motion in the first place. While the parties might not object to that procedure, it would neither assist the court nor make the best use of the magistrate judges.

*Lintz*, 2012 WL 9034131, at *1 (quoting *Galik v. Nangalama*, No. CIV. 2:09–0152 WBS KJN (PC), 2012 WL 469850, at *2 (E.D.Cal. Feb.7, 2012)).

23

district court would frustrate the purpose of the Magistrates Act." *Greenhow*, 863 F.2d at 638. It is unlikely that "the Magistrates Act was intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court." *Id.*

This approach is in line with the traditional rule barring new arguments for the first time on appeal, "absent exceptional circumstances or a convincing explanation for the failure to present them to the court below." *Id.* (citations omitted). Therefore, this court has the discretion, but is not required, to hear new arguments raised by Hill.

This court declines to consider Hill's new arguments regarding waiver and reverse preemption because doing so would frustrate the purpose of the Magistrates Act, and would encourage gamesmanship during proceedings before the Magistrate Judge. This court has only two judges: a magistrate judge and the undersigned chief judge. The Magistrate Judge's services are critical to the function of this court. Considering new evidence and arguments would not help relieve the workload of this court and would reduce the Magistrate Judge's role "to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round." *See Howell*, 231 F.3d at 622 (quoting *Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir. 1988)).

Furthermore, considering new arguments and evidence would be particularly inappropriate in this case because Hill has not claimed "exceptional circumstances" to justify or excuse her failure to make these arguments before the Magistrate when opposing the Motion to Dismiss. *See Weber*, 955 F. Supp. 2d at 1194 (citing *Greenhow*, 863 F.2d at 638–39). Hill has failed to seek leave of court to raise new arguments several times, including those in her stricken sur-reply,[24] her Motion to Strike, her Objections to Report and Recommendation,[25] and her

---

[24] "District courts have the discretion to either permit or preclude a surreply." *See Garcia v. Biter*, 195 F. Supp. 3d 1131, 1134 (E.D. Cal. 2016) (citation omitted); *see also Harkey v. U.S. Bank, N.A*, No. 2:14-CV-00177-RFB, 2015 WL 300271, at *1 (D. Nev. Jan. 21, 2015) ("Surreplies are highly disfavored.").

24

Reply to Defendant's Response to Plaintiff's Limited Objections to Report & Recommendations.[26]  *See* ECF Nos. 58, 71, 81, 88.  This strategy is unfair to the opposing party and the court.  Consequently, these new arguments will not be considered, and the court **ADOPTS** the Magistrate's recommendation requiring the parties arbitrate their claims in Norway.

## IV. CONCLUSION

For the foregoing reasons, the court hereby **MODIFIES** the Report's *forum non conveniens* determination.  Norway is an adequate alternative forum and the balance of private and public factors weigh heavily of dismissal on the basis of *forum non conveniens*.  The court also **ADOPTS** the Report's conclusion that the parties' dispute should be arbitrated in Norway.  Therefore, Skuld's Motion to Dismiss for an alternative forum is **GRANTED**.

**SO ORDERED.**



/s/ Frances M. Tydingco-Gatewood
    Chief Judge
    Dated: Mar 09, 2017

---

[25] Hill also made conclusory "Additional Objections" that are not valid "specific written objections" to the Report as required by FRCP 72(b)(2).  *See* Hill's Obj. to R. & R. at 18, ECF No. 81.  They fail to provide "any analysis as to why [the Recommendations] are inaccurate," and Objections to the Report that are "'[f]rivolous, conclusive, or general objections . . . need not be considered by the district court.'"  *See Muegge v. Aqua Hotels & Resorts, Inc.*, No. CIV. 09-00614 LEK, 2015 WL 4041313, at *2 (D. Haw. June 30, 2015) (alterations in original) (quoting *Rodriguez v. Hill*, No. 13CV1191–LAB (DHB), 2015 WL 366440, at *1 (S.D. Cal. Jan. 23, 2015)).  Hill's arguments with respect to the stay are moot based on this court's *forum non conveniens* determination.  Furthermore, the court will not consider Hill's counsel's numerous factual assertions at the hearing or within the moving papers that were not found within the Complaint, and were not based on any evidence or declaration within the record.

[26] A "reply is not specifically permitted under Federal Rule of Civil Procedure 72."  *Easley v. Comm'r of Soc. Sec.*, No. 1:11-CV-00064, 2012 WL 910015, at *1 (S.D. Ohio Mar. 16, 2012); *see also Henderson v. U.S. Air Force, DMAFB*, No. CIV06-323-TUC-FRZ, 2007 WL 2081481, at *1 (D. Ariz. July 20, 2007) (noting that the plaintiff's "reply" was "not properly before [the court]," and that arguments in the reply not raised in the objections were "untimely and are deemed waived. (citing 28 U.S.C. § 636(b)(1); FRCP 72(b)).

25